UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-181-JBC**

**CHRISTOPHER WITTWER, ET AL.,**                                                                          **PLAINTIFFS,**

**V.**                                **MEMORANDUM AND ORDER**

**NORTH AMERICAN VAN LINES, INC., ET AL.,**                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter comes before the court on the motion of plaintiffs to remand to Clark County Circuit Court. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This action originated in Clark County Circuit Court with plaintiffs alleging common law claims against defendant movers for loss of, and damage to, personal property. The defendants removed the case to this court alleging that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1337 as a federal question exists under the Carmack Amendment, 49 U.S.C. § 14706. Plaintiffs now seek to remand this case to state court.

Contrary to the plaintiff's statement in its brief to this court, the Sixth Circuit has held that the Carmack Amendment preempts common law claims for loss or damage to goods by a common carrier. *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421-22 (6th Cir. 1972). *See also, e.g., Automated Window Mach. v. McKay Ins. Agency*, 320 F.Supp. 2d 619, 620 (N.D. Ohio 2004)*; Jackson v. Brook Ledge, Inc.* 991 F.Supp. 640, 643 (E.D. Ky. 1997); *Carousel Nut Prod. Inc.*

*v. Milan Express Co. Inc.* (W.D. Ky. 1991). Therefore, the Carmack Amendment governs the plaintiff's claim.

Federal courts are courts of limited jurisdiction and, as such, are required to construe removal jurisdiction narrowly. *See Cole v Great Atlantic and Pacific Tea Co.,* 758 F. Supp. 1305, 1307 (E.D. Ky. 1990). The removing defendant has the burden of establishing the jurisdiction requirements. *See id.* District courts have original jurisdiction over cases governed by the Carmack Amendment only if the amount in controversy exceeds $10,000 for each bill of lading. 28 U.S.C. § 1337(a). In a case where "the plaintiff seeks to recover some unspecified amount of damages that is not self-evidently greater or less than the amount in controversy requirement, the defendant must prove by a preponderance of the evidence . . . that the plaintiff's claims meet the federal amount in controversy requirement." *McGraw v. Lyons*, 863 F. Supp. 430, 432 (W.D. Ky. 1994).

Pursuant to Kentucky Rule of Civil Procedure 8.01(2) the plaintiffs were prohibited from pleading the amount in controversy in their initial complaint. The defendant, however, has attached an affidavit showing that the plaintiff's claim exceeds $10,000. As the plaintiff has not replied to this assertion, the court finds that the defendant has met its burden regarding the amount-in-controversy requirement. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand to the Clark County Circuit Court (DE 4) is **DENIED**.

Signed on September 2, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3